# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

No. 1:05-CR-26

United States of America

v.

Jaime Aranda-Lugo
                                                  Defendant

**Report and Recommendation Re: Petition for Warrant
or Summons for Offender Under Supervision**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed June 12, 2009 alleging that Defendant, Jaime Aranda-Lugo, violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. The Original Conviction and Sentence

Defendant was sentenced on November 28, 2005 before The Honorable Ron Clark, United States District Judge of the Eastern District of Texas, after pleading guilty to the offense of assault, other than simple assault, upon a correctional officer of the United States, a Class D felony. The offense carried a statutory maximum imprisonment term of 8 years' imprisonment. The guideline imprisonment range, based on a total offense level of 7 and a criminal history category of VI, was 15 to 21 months. Defendant was sentenced to 18 months' imprisonment, to run consecutively to Docket No. EP99-CR-420H, in the U.S. District Court, Western District of Texas, El Paso Division, followed with 36 months' supervised release to run consecutively to Docket No. EP99-CR-420H in the U.S. District Court, Western District of Texas, El Paso Division, subject to the standard conditions of release, plus special conditions to include drug aftercare, financial disclosure, mental health treatment, DNA submission, surrender to an immigration official for deportation, and a $100 special assessment.

## II. The Period of Supervision

Defendant began serving his term of supervised release in the Southern District of Texas, Houston Division, on August 29, 2008.

## III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on June 12, 2009. The petition alleges that defendant violated the following conditions of release:

| | | |
|---|---|---|
| 1. Mandatory Condition: | | Defendant shall not commit another federal, state, or local crime. |
| 2. Mandatory Condition: | | Defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. |
| 3. Standard Condition: | | Defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. |
| 4. Special Condition: | | Defendant shall surrender to a duly authorized immigration official for deportation proceedings in accordance with established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq. If ordered deported, defendant shall remain outside of the United States. In the event the defendant is not deported, the defendant shall comply with all conditions of supervised release. |

The petition alleges that on November 4, 2008, defendant was arrested by U.S. Border Patrol Agents from the Riverside, California station and charged with illegal re-entry. On March 25, 2009, defendant was convicted of illegal re-entry by an alien following deportation in the Central District of California. The petition further alleges that defendant violated his supervised release in the following ways:

(1.)   He did not report to the United States Probation Office within 72 hours of his release;

(2.)   He did not report his arrest to the United States Probation Office within 72 hours; and

(3.)   He did not report to a duly authorized immigration official for deportation.

### IV. Proceedings

On September 23, 2011, United States Magistrate Judge Zack Hawthorn convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant pled "true" to the Government's second allegation that he violated conditions of supervised release, to wit: failing to report to the probation office in the district to which he was released within 72 hours of release from the custody of the Bureau of Prisons. Further, the parties agreed the court should revoke defendant's supervised release and impose a sentence of 14 months' imprisonment, with no term of supervised release thereafter.

### V. Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, it may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3).

According to U.S.S.G. 7B1.1(a), if the Court finds by a preponderance of the evidence that Defendant violated conditions of supervision by his March 25, 2009 conviction for illegal alien found in the United States in the Central District of California, Jaime Aranda-Lugo will be guilty of committing a Grade B violation. U.S.S.G. § 7B1.3(a)(1) indicates upon a finding of a Grade A or B violation, the Court shall revoke probation and supervised release. U.S.S.G § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade B violation and a criminal history category of VI, the guideline imprisonment range is 21 to 27 months. The maximum imprisonment term is 24 months; therefore, his guideline range is 21 to 24 months.

According to U.S.S.G. 7B1.1(a), if the Court finds by a preponderance of the evidence that Defendant violated conditions of supervision by failing to report to the United States Probation Office directly upon his release from imprisonment; failure to report his arrest within 72 hours of his arrest; and failure to surrender to a duly authorized Immigration Official, Jaime Aranda-Lugo will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of VI, the guideline imprisonment range is 8 to 14 months.

In determining Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

Defendant pled "true" to the allegation that he violated a court-ordered condition of supervised release by failing to report to the probation office in the district to which he was released within 72 hours of release from the custody of the Bureau of Prisons. Based upon defendant's plea of "true" to the second allegation of the Government's Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that defendant violated conditions of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). Defendant's violation is a Grade C violation, and defendant's criminal history category is VI. Policy guidelines suggest 8-14 months' imprisonment. Defendant did not comply with the conditions of his supervision, and has demonstrated an inability to adhere to conditions of supervision. As such, incarceration appropriately addresses defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a term of incarceration.

## VII. Recommendations

1. The court should find that defendant violated a standard condition of supervised release by failing to report to the probation office in the district to which he was released within 72 hours of release from the custody of the Bureau of Prisons;

2. The petition should be granted and defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3565;

3. Defendant should be sentenced to a term of imprisonment of 14 months; and

5. Upon release of imprisonment, defendant should not be placed on supervised release.

## VIII. Objections

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 5th day of October, 2011.

_____
Zack Hawthorn
United States Magistrate Judge